# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| IOWA GREAT LAKES SANITARY DISTRICT,<br><br>    Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>    Defendant and Third-Party Plaintiff,<br><br>vs.<br><br>EVOQUA WATER TECHNOLOGIES, LLC., (f/k/a Siemens Water Technologies,)<br><br>    Third-Party Defendant. | No.15-CV-4252 LTS<br><br>**ORDER GRANTING MOTION TO EXTEND DISPOSITIVE MOTIONS DEADLINE** |

_____

This matter is before the Court pursuant to defendant Evoqua Water Technologies LLC's (Evoqua) unresisted motion to extend the deadline for completing discovery and filing dispositive motions. (Doc. 36). Evoqua seeks an extension of the deadline for completing discovery from March 13, 2017, to March 23, 2017, and to extend the deadline for filing dispositive motions from March 13, 2017, to March 31, 2017. *Id*. Plaintiff represents that the other parties do not object to the requested extensions. *Id*. For the reasons that follow, the Court grants defendant's motion.

A bench trial in this case is scheduled for July 17, 2017. (Doc. 25). Pursuant to the Court's scheduling order, the deadline for completing discovery and filing dispositive motions is March 13, 2017. (Doc. 24). The Court requires 180 days between the filing of dispositive motions and the trial ready date.

A party moving to modify a scheduling order bears the burden of showing "diligence in attempting to meet the order's requirement." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). *See also* FED. R. CIV. P. 16(b)(4); Local Rule 16(f) ("The deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan will be extended only upon written motion and a showing of good cause."). The Eighth Circuit Court of Appeals has explained the Rule 16(b) "good cause" standard as follows:

> "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006); *see also* FED. R. CIV. P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (concluding that there was "no need to explore beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements"). Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order. *See*, *e.g.*, *Rahn*, 464 F.3d at 822 (affirming the district court's denial of Rahn's request for a modification of the scheduling order because the record made clear that Rahn did not act diligently to meet the order's deadlines); *Barstad v. Murray County*, 420 F.3d 880, 883 (8th Cir. 2005) (affirming the district court's denial of leave to amend the Barstads' complaint under Rule 16(b) because the Barstads had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint"); *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (affirming, under Rule 16(b), the district court's denial of Freeman's motion to amend her complaint because she provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed so late).

*Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008). Thus, the movant's diligence in attempting to comply with the scheduling order is the paramount issue.

Evoqua explains that an extension is needed because the depositions of plaintiff's employees that had been scheduled for March 13, 2017, "had to be rescheduled after the current discovery deadline because Plaintiff has not yet responded to written discovery and document requests that are overdue." (Doc. 36, at 2). Evoqua asserts that granting the extensions "will not result in a continuance of the trial or otherwise affect the Court's pretrial deadlines in this matter." (*Id.*). But that is not accurate. As noted, the Court requires 180 days between the filing of dispositive motions and the trial date to allow ample time for the full briefing of dispositive motions and for the Court to hold hearings, if necessary, and rule on the pleadings sufficiently in advance of trial to avoid having the parties expend resources preparing for a trial that may not occur, should the Court grant a dispositive motion. Extending the deadlines in this case shortens that window by two weeks.

Nevertheless, the other parties have not objected to this extension and so the Court will grant it, recognizing that the parties may bear the consequences of a later ruling on any dispositive motions. No further extensions of these deadlines will, however, be granted.

Accordingly, the Court **grants** Evoqua's motion to extend the deadlines for completing discovery and filing dispositive motions (Doc. 36). All discovery must be completed by March 23, 2017. Any dispositive motions must be filed by March 31, 2017. All other deadlines and the trial date will remain unchanged.

**IT IS SO ORDERED** this 13th day of March, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa